

## NUMBER 13-09-00174-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**F. J. K. ENTERPRISES, LTD. CO., EXPRESS
CARRIERS, L.P., EXPRESS CARRIERS
MANAGEMENT, L.L.C., NOLBERTO
BLANCO, KYLE KAUPERT ENTERPRISES, L.L.C.
AND JUAN ROBERTO RAMIREZ,**        **Appellants,**

**v.**

**HIPOLITO GONZALEZ AND ISSAC GONZALEZ,**        **Appellees.**

**On appeal from the 365th District Court
of Maverick County, Texas.**

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion Per Curiam**

The parties to this appeal have filed a joint motion to reverse and vacate judgment.

By their motion, the parties ask the Court to: (1) reverse and vacate the trial court's

judgment; (2) dismiss the appeal; (3) tax costs against the party incurring same; and (4) release the appellants' surety, Hudson Insurance Company, from any further obligation on the supersedeas bond filed by appellants.

The Court has considered the motion and it is the Court's opinion that the motion should be granted in part and denied in part.[1]   Accordingly, without regard to the merits, we vacate the trial court's judgment, and remand the case to the trial court for rendition of judgment in accordance with the parties' settlement agreement.   *See* TEX. R. APP. P. 42.1(a)(2)(B); 43.2(d).

The parties request that the Court release the appellants' surety, Hudson Insurance Company, from any further obligation on the supersedeas bond filed by appellants.   The request is GRANTED.   We hereby release the appellants' surety, Hudson Insurance Company, from any further obligation on the supersedeas bond filed by appellants.

In accordance with the agreement of the parties, costs are taxed against the party incurring same. *See* TEX. R. APP. P. 42.1(d).


                                                    PER CURIAM

Delivered and filed the
15th day of July, 2010.

---

[1]Rule 42.1(a)(2) permits the Court to render judgment effectuating the parties' agreements *or* to vacate the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement; we cannot do both.   *See* TEX. R. APP. P. 42.1(a)(2)(A),(B).   The parties have asked us to dismiss the appeal.   We cannot both vacate the trial court's judgment and dismiss the appeal.   *See* TEX. R. APP. P. 42.1(a)(2)(B); 43.2(d), (f).